IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| Amanda Reichelderfer, | Case No. 5:25cv1092 |
| Petitioner, | |
| -vs- | JUDGE PAMELA A. BARKER |
| Holmes County Jail, et al., | MEMORANDUM OPINION AND ORDER |
| Respondents. | |

*Pro se* petitioner Amanda Reichelderfer filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 seeking habeas relief for a sentence imposed by the Holmes County Municipal Court (Doc. No. 1). Petitioner also filed a motion for temporary restraining order (Doc. No. 2) and an emergency motion to stay execution of sentence pending resolution of her petition (Doc. No. 3).

It appears that Petitioner was initially convicted in the Holmes County Municipal Court for theft and later arrested for violating the terms of her probation. On February 27, 2024, the Holmes County Court sentenced Petitioner to 30 days in the Holmes County Jail for violating the terms of her probation. Petitioner requested a stay of execution from the Holmes County Municipal Court as well as the Ohio Supreme Court, which neither court granted. Following purportedly unsuccessful appeals to the Fifth District Court of Appeals and the Ohio Supreme Court, the Holmes County Municipal Court imposed Petitioner's original sentence, requiring Petitioner to report to the Holmes County Jail on May 28, 2025. (*See* Doc. Nos. 1; 1-7).

The Court finds that Petitioner cannot proceed under 28 U.S.C. § 2241. Reichelderfer is a convicted state prisoner. As a state prisoner, 28 U.S.C. § 2254 is the exclusive vehicle for

challenging a state court conviction or sentence. *Greene v. Tennessee Dep't of Corr.*, 265 F.3d 369, 371 (6th Cir. 2001). And the Court cannot convert a Section 2241 petition to one filed under 28 U.S.C. § 2254 because a Section 2254 petition is subject to the restrictions of the Antiterrorism and Effective Death Penalty Act (AEDPA). *See Gordon v. Medina Cnty. Sheriff's Dep't*, No. 1:25mc006, 2025 U.S. Dist. LEXIS 40222, at *3 (N.D. Ohio Mar. 6, 2025) (citing *Warren v. Miller*, No. 1:05-CV-651, 2005 U.S. Dist. LEXIS 28171, 2005 WL 3007107, at *3 (W.D. Mich. Nov. 9, 2005) (dismissing petition for writ of habeas corpus brought by state prisoner under Section 2241 without prejudice, rather than converting it to a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254)). A petition filed under 28 U.S.C. § 2241 by a convicted state prisoner must therefore be dismissed. *Id.*

Accordingly, the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. No. 1), the motion for temporary restraining order (Doc. No. 2), and the emergency motion to stay execution of sentence (Doc. No. 3) are denied, and this action is dismissed without prejudice. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

   s/*Pamela A. Barker*
PAMELA A. BARKER
Date:  May 29, 2025                           U. S. DISTRICT JUDGE